## William Atkiss, Appellee, v. The New Staunton Coal Company, Appellant.

1. NEGLIGENCE—*substitution of gasolene for coal oil.* It is negligence for an agent of a dealer to deliver gasolene upon an order for coal oil.

2. APPEALS AND ERRORS—*what not subject to review.* Admission in evidence of a list of articles lost in a fire is not ground for reversal if not copied into the bill of exceptions nor shown thereby to have actually gone to the jury.

Trespass on the case. Appeal from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed March 4, 1909.

WILLIAMSON & SNELL and W. P. EARLY, for appellant.

E. BREESE GLASS and E. G. HILL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, a coal mining company, had a store at Livingston, in Madison county, Illinois. Appellee, a coal miner lived with his wife and two children in one of the upper rooms of a house situated about a block and a half distant from the store. On December 4, 1905, appellee's wife sent their 12 years' son, with a coal oil can to appellant's store for coal oil. The can was taken by a clerk at the store and filled from a tank in an adjoining shed. Upon the son's return home his mother filled a lamp from the can and afterwards lighted it, when it immediately exploded and the house, together with appellee's furniture and clothing were destroyed.

This suit was brought by appellee to recover the value of his household goods and wearing apparel, upon the ground that the company's agent negligently filled the can with gasoline instead of coal oil. There was a jury trial and a verdict and judgment for $425 in favor of appellee.

No instructions were offered by either party, except one offered by appellant at the close of all the evidence, requesting the court to instruct the jury to return a verdict of not guilty, which was refused.

Appellant here asks that the judgment be reversed for the reasons, as alleged, that the verdict is not supported by the evidence, and the court committed reversible error in the admission and exclusion of evidence.

The evidence produced by appellee which was in no wise met by the single witness introduced by appellant, showed plainly appellee's son was given gasoline by mistake for coal oil, by the agent of appellant and that the gasoline when placed in a lamp and lighted, exploded and the resulting fire caused the destruction of appellee's property. The evidence was not only sufficient to sustain the verdict, but was so conclusive that the jury could not have properly found a verdict for appellant.

The uncontradicted evidence also established the fact that appellee sustained damages to the amount found by the jury.

Complaint is made that a memorandum containing a list of articles lost in the fire, was admitted in evidence after a witness had stated the total, which he said he had ascertained by use of an adding machine. While the court overruled an objection to the admission of the list, yet the list itself does not appear in the bill of exceptions and there is nothing to show that it really went to the jury, so the complaint cannot be considered.

There were indeed some irregularities in the rulings of the court in regard to the evidence but they were not of sufficient importance to constitute reversible error in a case like this, where the evidence as a whole established so plain and obvious a right of recovery.

The judgment of the court below will accordingly be affirmed.

*Affirmed.*